Filed 8/22/24  P. v. Jordan CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID ALLEN JORDAN,<br><br>    Defendant and Appellant. | C100077<br><br>(Super. Ct. No. 62-194228B) |

Appointed counsel for defendant David Allen Jordan asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will affirm.

FACTS AND HISTORY OF THE PROCEEDINGS

In July 2023, defendant and a companion walked out of a local hardware store with nearly $2,500 worth of goods without paying for them.

1

He was charged with grand theft (Pen. Code, § 487, subd. (a); count one) (statutory section citations that follow are found in the Penal Code unless otherwise stated), and burglary/grand theft (§ 459; count two). Multiple aggravating circumstances were also alleged: (1) defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness; (2) defendant had served a prior prison term or county jail term; and (3) defendant's prior performance on probation, mandatory supervision, post-release community supervision, or parole was unsatisfactory. (§ 1170, subd. (b)(2); Cal. Rules of Court, rule 4.421.)

In November 2023, defendant pleaded no contest to count one and admitted that he had served a prior prison term. In exchange, the parties stipulated to the upper term and a split sentence, with six months to be served in custody and the remaining two years six months on mandatory supervision. The trial court sentenced defendant accordingly and awarded defendant 81 total days of custody credit (41 days' actual and 40 days' conduct credit). The trial court also imposed and stayed the following fines and fees (pending successful completion of the sentence): a $300 restitution fine (§ 1202.4), a $300 mandatory supervision fine, suspended unless mandatory supervision is revoked (§ 1202.44), a $40 court operations fee (§ 1465.8), and a $30 criminal conviction assessment fee (Gov. Code, § 70373).

Defendant obtained a certificate of probable cause on appeal.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

 

 

 

_____
HULL, Acting P. J.

We concur:

_____
BOULWARE EURIE, J.

_____
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.